UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Crim. No. 14-cr-157 (BAH) |
| v. | : | |
| | : | Violation: |
| | : | 18 U.S.C. § 1341 (Mail Fraud) |
| EMMETTE BROWN, | : | |
| Defendant. | : | |
| | : | Criminal Forfeiture: |
| | : | 18 U.S.C. § 981(a)(1)(C) |
| | : | 28 U.S.C. § 2461(c) |
| | : | 21 U.S.C. § 853(p) |

**FILED**
AUG 8 - 2014
Clerk, U.S. District and
Bankruptcy Courts

## STATEMENT OF OFFENSE

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, defendant Emmette Brown ("BROWN") and the United States agree and stipulate that, at all relevant times:

Entities and Individuals

1. From in or about August 1996 through in or about March 2009, Person A was the lawful owner of the real property located at 3802 T Street, N.W., Washington, D.C. ("3802 T Street").

2. Person B was a close associate of BROWN.

3. Person B maintained a bank account, at a branch of Urban Trust Bank ("Urban Trust"), located in the State of Maryland, account number ending in XXXXXX4091.

4. Person C was a close business associate of BROWN.

5. Person C was a licensed attorney in the District of Columbia and the State of Alabama.

6. Person C maintained her place of employment at Law Firm A, which was located in the State of Maryland.

7. Person D was a close family member of BROWN.

8. Person E was a close associate of BROWN.

9. Company A was a limited liability company organized under the laws of the State of Maryland for the purpose of purchasing tax liens on real property.

10. Company B, formed by BROWN, was a limited liability company organized under the laws of the State of Delaware. Company B was formed for the sole purpose of purchasing 3802 T Street from Company A.

11. Company B maintained a bank account, at a branch of TD, N.A. Bank ("TD Bank"), located in the State of Maryland, account number ending in XXXXXX1545.

12. Company C was a limited liability company organized under the laws of the District of Columbia for the purpose of purchasing property.

13. Company C maintained a bank account, at a branch of Washington First Bank ("Washington First"), located in the District of Columbia.

14. Company D was a real property title company located in the State of Maryland.

15. Company D maintained a bank account, at a branch of Industrial Bank ("Industrial Bank"), located in the State of Maryland.

### The Scheme to Defraud

16. From in or about July 2006 to in or about March 2009, BROWN knowingly and willfully devised and intended to devise a scheme to defraud Person A, and to obtain money and property of Person A by means of materially false and fraudulent pretenses, representations, and promises.

17. In or about June 2005, Person A traveled to Russia to take care of his seriously ill mother. Before traveling to Russia, Person A had purchased a return airline ticket to the United

States; however his mother's condition worsened and he remained in Russia to care for his mother. Person A did not return to the United States until on or about March 2009.

18. From in or about June 2005 to in or about March 2009, Person A did not pay his District of Columbia property taxes on 3802 T Street, or his Federal income taxes.

19. On or about July 14, 2006, unbeknownst to Person A, 3802 T Street went to a District of Columbia tax lien sale and was sold to Company A.

20. Company A purchased the tax lien on 3802 T Street for $10,007.34, subject to Person A's right of redemption. Company A, through Law Firm A, with Person C acting as the representative counsel, then filed a tax foreclosure action in the District of Columbia Superior Court (Docket No. CA1292-07) to foreclose Person A's right to redemption on 3802 T Street. Person A never received notice, by either actual or constructive service, of this tax foreclosure action.

21. On or about April 9, 2008 a District of Columbia Superior Court Magistrate Judge ("Magistrate Judge") granted Company A's service of Person A by publication.

22. On or about April 16, 2008, BROWN formed Company B.

23. On or about April 19, 2008, BROWN prepared a durable power of attorney form for 3802 T Street providing that Person D, would serve as Person A's power of attorney for the property. Person A and Person D had never met and Person A never provided authorization for Person D to serve as his power of attorney. BROWN then forged Person A's signature on the durable power of attorney form for 3802 T Street and sent the form, via Postal Service mail, from Maryland, to Person D in Pennsylvania. Person D then had the power of attorney form notarized in Pennsylvania. As part of the notarization process, Person D signed the document as a witness to the notarization with an alias name. BROWN knew that this name was an alias.

BROWN further knew that he needed Person D to serve as the power of attorney in order to redeem 3802 T Street without Person A's lawful permission.

24.     On or about April 30, 2008, the Magistrate Judge vacated the April 9, 2008 publication order based on the representation by Person C that contact had been made with Person A. Person C further indicated that Person A had made a redemption request and that payoff information for the applicable tax lien on 3802 T Street had been provided to Person A. Person C also indicated to the Court that she believed that Person A was residing in Pennsylvania, and that she had spoken with Person A on the phone. In actuality, however, neither BROWN nor Person C had spoken with Person A regarding payoff information of 3802 T Street, and no one related to either BROWN or Person C had ever spoken with Person A regarding the tax lien. Moreover, Person A was living in Russia at the time.

25.     On or about May 22, 2008, Person C faxed a redemption statement from Law Firm A to Person E indicating the payoff amount needed for Company A. On the same day, BROWN purchased a cashier's check from Person B's Urban Trust bank account, account number ending in XXXXX4091, which listed Person A as the remitter. BROWN then provided this cashier's check to Person C to pay Law Firm A's fees. Law Firm A, acting on behalf of Company A, then dismissed the tax foreclosure action on 3802 T Street. Person B did not have knowledge of why BROWN was using money from her bank account.

26.     In or about July 2008, Person D learned that BROWN had misrepresented to Person D that BROWN was acting on behalf of Person A. Person D then withdrew from serving as Person A's power of attorney. BROWN then forged Person E's signature on a new power of attorney form for Person A. BROWN had this new power of attorney form notarized in the District of Columbia without Person A or Person E present or aware of BROWN's representation that they were involved.

27. In or about July 2008, BROWN forged Person E's signature to a deed that was prepared by BROWN to allow for the conveyance of 3802 T Street to Company B. The purpose of this conveyance was to give the appearance of a legitimate sale of 3802 T Street, however in actuality it was to allow BROWN to sell 3802 T Street to Company B, which was a company controlled by BROWN. The deed indicated a purchase price for 3802 T Street of $325,000.00, but no closing took place, and no proceeds were exchanged between BROWN and Person A.

28. BROWN was not the organizer, leader, manager, or supervisor of Persons A, B, C, D, or E and did not abuse Person A's trust or use a special skill in the above referenced conduct.

29. On or about March 16, 2009, BROWN, acting as Company B's agent, then sold 3802 T Street to Company C for a purchase price of $465,000.00. Representatives from Company C were unaware that BROWN had obtained 3802 T Street through fraudulent pretenses.

30. On or about March 16, 2009, BROWN caused a wire transfer of $367,476.00 between Company C's Washington First bank account, located in the District of Columbia, to Company D's Industrial Bank account, located in the State of Maryland. BROWN also caused a wire transfer for $175,346.13 between Company D's Industrial Bank account, located in the State of Maryland, to Company B's TD Bank account, located in the State of Maryland, account number ending in XXXXXX1545.

31. On or about March 25, 2009, BROWN caused a check to be mailed in the amount of $271,139.90, to the Internal Revenue Service in order to pay off Person A's outstanding Federal income tax lien. BROWN also caused two checks to be mailed in the total amount of $15,822.10 in order to pay off Person A's outstanding District of Columbia property tax lien on 3802 T Street. BROWN paid off the Federal and District of Columbia tax liens to further

facilitate his scheme to obtain 3802 T Street. Person A was unaware that BROWN paid off these tax liens.

32. In total, BROWN converted at least $178,038.00 of Person A's money for his own personal use and benefit.

33. This factual proffer is a limited summary of defendant BROWN'S conduct in connection with Count One of the Information, Mail Fraud, in violation of Title 18, United States Code, Section 1341, and is not intended to be a complete accounting of all facts and events that are known to the Government. The limited purpose of this Statement of Offense is to demonstrate that a factual basis exists to support the defendant's guilty plea in this case.

        Respectfully submitted,

        RONALD C. MACHEN JR.

        United States Attorney
        for the District of Columbia

By: *[signature]*
     PHILIP A. SELDEN, D.C. Bar # 982247
     Assistant United States Attorney
     United States Attorney's Office
     555 4th Street, N.W.
     Washington, D.C. 20530
     Philip.Selden@usdoj.gov
     202.252.6733

## DEFENDANT'S ACCEPTANCE

    I have read this Statement of the Offense and carefully reviewed every part of it with my attorney. I am fully satisfied with the legal services provided by my attorney in connection with this Statement of the Offense and all matters related to it. I fully understand this Statement of the Offense and voluntarily agree to it because I am in fact guilty of the crimes charged. No threats have been made to me, nor am I under the influence of anything that could impede my ability to understand this Statement of the Offense fully. No agreements, promises, understandings, or representations have been made with, to, or for me other than those set forth above. This Statement of the Offense is a summary, made for the purpose of providing the Court with a factual basis for my guilty plea to the charges against me. It does not include all of the facts known to me regarding these offenses.

Date: 8/8/14

Emmette Brown
Defendant

    I am Emmette Brown's attorney. I have reviewed every part of this Statement of the Offense with him. It accurately and completely sets forth the Statement of the Offense agreed to by the defendant and the Office of the United States for the District of Columbia.

Date: 8/8/14

David Benowitz
Attorney for the Defendant